## GEORGE RAMEY v. THE STATE.

Proof that the defendant played and bet money at Rondo, within the county, within a year before the finding of the indictment, is sufficient.

Appeal from Rusk.   Indictment for betting "money upon a "certain gaming table, commonly called Rondo, then and there "exhibited for gaming."   Statement of facts and bill of exceptions as follows:

Be it remembered, that on the trial of the above stated case, the State introduced as a witness, N. G. Bagley, who testified that within twelve months before the finding of said indictment, he saw the defendant, George H. Ramey, play and bet money upon a game called rondo, describing the rolling of the balls into the pocket, so as to constitute the game of rondo as witness understood it; that said game was played upon a billiard table proper, in the county of Rusk, aforesaid; that it was not a game of billiards.   This was all the evidence on the part of the State.   The defendant introduced none; and the case was tried on the State's testimony.

The Court charged the jury as follows, to wit:

"If the jury believe from the proof, that defendant bet at a "game of rondo, in this county, within twelve months next be- "fore the finding of the indictment, he is guilty as charged."

The defendant's counsel asked the Court to charge the jury as follows:

"That if the table, on which the playing at rondo by defend- "ant occurred, was proved to have been a billiard table, in "order to convict the defendant, it must also appear from the "proof, that said table, at the time of said playing, was kept or "used as a gaming table, otherwise they must find for the de- "fendant; which charge the Court refused to give unquali-

fiedly, but gave the same with the following addition, to wit:
"The Court adds, that if the game of rondo be played on a
"table of any kind, it is, whilst the game is being played, a
"rondo table, in the eye of the law."

The Court also charged verbally, "that it made no differ-
"ence whether the playing at rondo was in a private dwelling
"or in a public place; that betting upon and playing the said
"game was equally against the law, in either case."

The defendant then asked the Court to charge as follows,
to wit:

"That proof of a single playing at rondo, on a billiard table,
"without the knowledge or consent of the keeper of such bil-
"liard table, will not constitute said billiard table a gaming
"table, in the sense in which those terms are used in the Stat-
"ute against betting at a gaming table or bank;" which the
Court refused to give.

The defendant excepted to the charges given, and to the re-
fusal to charge as asked by defendant.

The foregoing embraces all the instructions given and asked
to be given in charge to the jury, and also all the evidence in
the case, and the same is agreed to, &c.

*Bowden & Chilton*, for appellant. I. The Court should
have given the first charge asked by defendant. The qualifi-
cation is foreign to the matter embraced in the instruction de-
sired, and must necessarily have misled the jury.

II. The verbal charge was also erroneous. It certainly was
not intended by the Legislature to make so sweeping a prohi-
bition of an innocent amusement, even in places the most pri-
vate, as the Court supposed.

III. The last charge asked should have been given. Article
566 (Hart. Dig.) prohibits the keeping or exhibiting a gaming
table. The next Section enacts that if any person shall bet at
such gaming table, he shall be guilty of a misdemeanor, &c. It
is contended that a gaming table must be kept or exhibited,
before the betting referred to can be indictable. But the

Court held the proof of the betting alone sufficient to make out the offence.

*Attorney General,* for appellee. Article 1477, (Hart. Dig.) which constitutes the law of this charge, makes no reference to the exhibiter or exhibition, either expressly or by any reasonable intendment. The second paragraph of the Article, (1478) too, allows this charge to be made in the most general terms, and to be established by very limited proof, of which the matter now insisted on forms no part.

If it be essential to "betting at rondo," that the game or table, when in operation, should have an exhibiter, (to make out the offence on the part of the better,) then is this essential ingredient embraced in the allegation and proof that he "did bet at a gaming table called rondo," &c. But this is not at all an essential ingredient in the offence here indicted for.

WHEELER, J. There was no error in the qualification, appended by the Court, to the charge first asked by the defendant. The Court might well have refused the charge. The proof of the betting of money by the defendant, upon the game charged to have been played upon the table, was proof sufficient, as against the party charged with the betting, that the table was at the time kept or exhibited for gaming.

The further charge asked was rightly refused, for the very sufficient reason that it neither was law, nor if law, was it warranted by the evidence. A single playing, or the playing of one unlawful game, was sufficient to constitute the table, for the time, a gaming table, within the meaning of the law, in as far as concerned the culpability of the parties concerned in the betting, whether with or without the consent of the owner or keeper of the table. But there was no proof to warrant the assumption, which the charge contained, that the playing was without the knowledge or consent of the keeper. The fair and reasonable presumption would be, that it was with his knowledge and consent, if that were material to make out the offence

as against the parties playing and betting at the table. If the charge asked, therefore, had been good law, which it was not, it was rightly refused, because not warranted by the evidence. There is no error in the charge and rulings of the Court, and the judgment is affirmed.

Judgment affirmed.